```
 1                     UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF OHIO
 2                          EASTERN DIVISION

 3     UNITED STATES OF AMERICA,          Case No. 5:07CR460
                                          Cleveland, Ohio
 4                  Plaintiff,            Tuesday, February 26, 2008

 5         vs.

 6     LONNIE RAY KERESTES,

 7                  Defendant.

 8
                           TRANSCRIPT OF PROCEEDINGS
 9               BEFORE THE HONORABLE CHRISTOPHER A. BOYKO
                        UNITED STATES DISTRICT JUDGE
10
                            CHANGE OF PLEA HEARING
11

12     APPEARANCES:

13     For the Government:        Michael A. Sullivan,
                                  Assistant United States Attorney
14

15     For the Defendant:         Carlos Warner,
                                  Assistant Federal Public Defender
16

17

18

19

20

21
       Court Reporter:            Bruce A. Matthews, RDR-CRR
22                                United States District Courthouse
                                  801 West Superior Avenue
23                                Cleveland, Ohio   44113
                                  (216) 357-7207
24
       Proceedings recorded by mechanical stenography, transcript
25     produced by computer-aided transcription.


                   BRUCE A. MATTHEWS, RDR-CRR      (216) 357-7207
```

```
 1              THE COURT:  We're proceeding on case number
 2   07CR460, United States of America versus Lonnie Ray
 3   Kerestes.  Mr. Kerestes, are you present, sir?
 4              THE DEFENDANT:  Yes, sir.
 5              THE COURT:  Okay.  I see Mr. Carlos Warner is
 6   here representing you.
 7              MR. WARNER:  Good afternoon, Your Honor.
 8              THE COURT:  Good afternoon.  Mr. Michael
 9   Sullivan on behalf of the government.
10              MR. SULLIVAN:  Good afternoon, Judge.
11              THE COURT:  Good afternoon.  We're here for a
12   change of plea.  Mr. Kerestes, would you please raise your
13   right hand?
14         (The Defendant was sworn in.)
15              THE COURT:  Okay.  Mr. Kerestes, I'm going to
16   ask you a series of questions.  If you don't understand any
17   of my questions, please let me know.  I'll be happy to
18   explain it to you further or have Mr. Warner help us out,
19   okay?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Mr. Kerestes, have you understood
22   everything that's happened in your case so far?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  As you stand in front of me right
25   now, are you under the influence of alcohol, drugs or any
```

1      medications?
2                     THE DEFENDANT:  No, Your Honor.
3                     THE COURT:  Is your mind clear?
4                     THE DEFENDANT:  Yes, Your Honor.
5                     THE COURT:  Are you satisfied with Mr. Warner
6      so far?
7                     THE DEFENDANT:  Yes, I am.
8                     THE COURT:  How old are you, Mr. Kerestes?
9                     THE DEFENDANT:  37.
10                    THE COURT:  And how far did you go in school?
11                    THE DEFENDANT:  I graduated high school.
12                    THE COURT:  United States citizen?
13                    THE DEFENDANT:  Yes, Your Honor.
14                    THE COURT:  And you understand that by
15     entering a plea of guilt that you are waiving or giving up
16     certain constitutional rights?
17                    THE DEFENDANT:  Yes, Your Honor.
18                    THE COURT:  Let me know that you understand
19     the rights you are giving up by saying yes to the questions
20     I ask you.  All right?
21                    THE DEFENDANT:  Yes, Your Honor.
22                    THE COURT:  All right.  You understand that
23     you have the right to plead not guilty and hold that plea
24     throughout these entire proceedings?
25                    THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  That you have the right to counsel
2 in this case, Mr. Warner, represent you at each stage of
3 these proceedings?
4      THE DEFENDANT:  Yes, Your Honor.
5      THE COURT:  You have the right to trial by
6 jury or by a judge, and if you choose a judge, it must be
7 with the consent of the government.
8      THE DEFENDANT:  Yes, Your Honor.
9      THE COURT:  You have the right to confront --
10 excuse me, you have the right to compel, that is, subpoena
11 witnesses to appear and testify on your behalf.
12      THE DEFENDANT:  Yes, Your Honor.
13      THE COURT:  And you have the right to confront
14 and cross-examine witnesses, that is, ask questions of
15 witnesses through Mr. Warner.
16      THE DEFENDANT:  Yes, Your Honor.
17      THE COURT:  And you have the right not to
18 testify against yourself and the government may not use that
19 against you.
20      THE DEFENDANT:  Yes, Your Honor.
21      THE COURT:  Has anyone made any threats or
22 promises in order to force or to compel you to enter a plea
23 of guilt this afternoon?
24      THE DEFENDANT:  No, Your Honor.
25      THE COURT:  Are you currently on probation,

1    parole or supervised release in any other case?

2             THE DEFENDANT: No, Your Honor.

3             THE COURT: And do you hold any special

4    licenses other than a driver's license?

5             THE DEFENDANT: No, Your Honor.

6             THE COURT: And you understand that if I do

7    accept your plea of guilt today, I will not sentence you

8    today?

9             THE DEFENDANT: Yes, Your Honor.

10            THE COURT: Mr. Sullivan, victims we need to

11   be worried about in this case?

12            MR. SULLIVAN: No, Judge. It was an

13   undercover operation.

14            THE COURT: Okay. Thank you. Let's start

15   with the charge itself. Mr. Kerestes, it looks like you are

16   facing travel to engage in illicit sexual conduct. Do you

17   understand that's the charge?

18            THE DEFENDANT: Yes, Your Honor.

19            THE COURT: The maximum penalty is up to 30

20   years imprisonment, $250,000 fine, or both, and supervised

21   release of five years to life. Do you understand that?

22            THE DEFENDANT: Yes, Your Honor.

23            THE COURT: Okay. Do you understand that the

24   United States Sentencing Guidelines which we must consult

25   and used to be mandatory, they are now advisory? I'm sure

1   you've discussed those with Mr. Warner.  That's our starting

2   point.  We have to talk about those and go ahead and

3   calculate the range which you would find yourself in based

4   upon your current situation.

5           I must give you a sentence which is sufficient

6   but not greater than necessary to comply with what we call

7   the 3553(a) factors.  What are they?  We'll take a look at

8   the nature and circumstances of the offense, your history

9   and characteristics, the need for the sentence imposed, the

10  kinds of sentences which are available, whether there is

11  restitution involved, we'll look at other defendants under

12  similar circumstances such as yourself so that we don't have

13  these substantial disparities in sentencing, and other

14  relevant conduct which applies to your satisfaction.

15          Do you understand I'll consider all of those

16  before reaching a sentence?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Okay.  The Probation Office, if I

19  accept your plea of guilt today, will start the process of

20  preparing a presentence investigation report.  You'll have

21  sufficient time to sit down with Mr. Warner and go over that

22  in detail.  Of course, Mr. Sullivan has the same opportunity

23  on behalf of the government.  And you can point out to

24  Mr. Warner whether you believe there are any errors, changes

25  or modifications which should be made to that report.  He'll

1  bring that to our attention.  The same thing goes with
2  Mr. Sullivan on the government's behalf, and we'll either
3  address those objections either before or at the time of
4  sentencing.  Do you understand that?
5            THE DEFENDANT:  Yes, Your Honor.
6            THE COURT:  Since you do not have a plea
7  agreement, you will have what we call full appellate rights,
8  which means you're not restricted by any agreement that you
9  have with the government.  Let me give you some examples of
10 some of the things you can appeal.  If I calculate a
11 sentence range under the United States guidelines and I give
12 you a sentence above that, you can appeal that.  If I give
13 you a sentence above the statutory maximum, you can appeal
14 that.
15            If you think there's been ineffective
16 assistance of counsel or prosecutorial misconduct, you can
17 always appeal those things, and those are just examples.  Do
18 you understand that?
19            THE DEFENDANT:  Yes, Your Honor.
20           THE COURT:  Okay.  Mr. Warner, I'll go back to
21 you, or at least start with you at this point in this
22 regard.  In your professional opinion, have you had
23 sufficient time to sit down with Mr. Kerestes and go over
24 everything we have discussed so far, that is, the nature of
25 the charges against him, maximum penalties, United States

1  Sentencing Guidelines, the 3553(a) factors, possible
2  defenses, factual basis, the evidence in this case, and
3  finally the consequences of him pleading guilty?
4              MR. WARNER: Yes, Your Honor. I believe he
5  pronounces it Kerestes.
6              THE COURT: Okay. Is it Kerestes?
7              THE DEFENDANT: It's Kerestes.
8              THE COURT: Okay. My apologies. Go ahead,
9  Mr. Warner.
10             MR. WARNER: Yes, we've had more than ample
11 time on the case. The Court has been very open to our
12 continuances, and we've spent a lot of time discussing not
13 only the factual basis of the case but the ramifications of
14 entering a guilty plea.
15             THE COURT: Okay. Mr. Kerestes, I want to
16 make sure that in your mind you've had sufficient time to
17 sit down with Mr. Warner and go over all the things I've
18 just mentioned and have him answer any of your questions to
19 your satisfaction. Has that been done?
20             THE DEFENDANT: Yes, Your Honor.
21             THE COURT: Okay. And Mr. Warner, in your
22 professional opinion, will Mr. Kerestes be entering into
23 this plea knowingly, intelligently and voluntarily?
24             MR. WARNER: Yes, Your Honor.
25             THE COURT: Okay. Mr. Kerestes, a couple more

1    things I wish to address with you.  You understand that if I
2    give you a sentence which is not within the range that we
3    calculate, a sentence which you did not expect or are
4    otherwise dissatisfied with, you understand those are no
5    reasons to have you withdraw your plea of guilt?
6               THE DEFENDANT:  Yes, Your Honor.
7               THE COURT:  We'll take a look at your
8    financial resources and determine whether you have the
9    financial ability to pay any fines or any other costs of
10   these proceedings or supervision.  I do have discretion in
11   that area, but I must give you a special assessment
12   directive, and I can't waive that.  And do you understand
13   that?  That's $100 due and payable at the time of
14   sentencing.
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  No restitution involved here,
17   Mr. Sullivan?
18              MR. SULLIVAN:  No, Judge.
19              THE COURT:  Okay.  And you understand that if
20   you do violate any condition of supervised release, I could
21   send you back to prison for a certain period of time, and
22   under some circumstances, your original sentence of
23   imprisonment, plus whatever time that I may give you if you
24   violate supervised release, those two combined could exceed
25   the statutory maximum, do you understand that?

1     THE DEFENDANT:  Yes, Your Honor.
2     THE COURT:  And Mr. Warner, are you satisfied
3  that Mr. Kerestes does understand the elements of the
4  offense?
5     MR. WARNER:  Yes, Your Honor.
6     THE COURT:  Okay.  And Mr. Kerestes, you
7  understand that there are certain items or things that make
8  up each offense which are called elements, and do you have
9  any questions about those in your case at all?
10     THE DEFENDANT:  No, Your Honor.
11     THE COURT:  Mr. Sullivan, would you please
12  help us with the factual basis?
13     MR. SULLIVAN:  Yes, Judge.  Judge, were this
14  case to go to trial, the United States would prove that
15  between July 18, 2007 and August 8th, 2007, Mr. Kerestes
16  engaged in communication with an undercover officer on line
17  who was posing as an adult woman with a 14-year-old
18  daughter.
19     Mr. Kerestes and this undercover officer, the
20  communications consisted of instant messages, e-mails, as
21  well as telephone calls.  During the course of those
22  communications, Mr. Kerestes expressed his interest in
23  traveling from Pennsylvania to Ohio for the purpose of
24  engaging in sexual activity with both the adult woman and
25  the 14-year-old child.  The sexual activity included sexual

1    intercourse and oral sex, among other things.

2                At the time of the communication Mr. Kerestes
3    was in Pennsylvania; the undercover officer was in Ohio.  On
4    August 8th, 2007, Mr. Kerestes did travel from his home in
5    Coaldale, Pennsylvania to Stark County, Ohio, with the
6    intent to engage in sexual activity with the adult woman and
7    the 14-year-old child.

8                He was arrested at the time, interviewed and
9    admitted to the interviewing agent and officer that his
10   intent in traveling to Ohio was to engage in sexual activity
11   with the woman and the child.

12               THE COURT:  All right, Mr. Sullivan.  Thank
13   you.  Mr. Kerestes, do you agree that if this matter were to
14   proceed to trial, the government could prove those facts
15   beyond a reasonable doubt?

16               THE DEFENDANT:  Yes, Your Honor.

17               THE COURT:  And you understand that you may be
18   eligible for a reduction in your sentencing range for what
19   we call acceptance of responsibility.  You've taken the
20   first step today by coming forward to plead guilty.  As long
21   as your conduct is consistent with what you're doing today
22   up to the time of sentencing, you will receive that benefit
23   of acceptance of responsibility.  Do you understand?

24               THE DEFENDANT:  Yes, Your Honor.

25               THE COURT:  Mr. Kerestes, do you have any

1  questions at that point either of myself or Mr. Warner that
2  we could help you with, something you did not understand or
3  something which needs to be clarified?
4              THE DEFENDANT:  No, Your Honor.
5              THE COURT:  Mr. Warner, are you satisfied
6  we've covered everything under Rule 11?
7              MR. WARNER:  Yes, Your Honor.
8              THE COURT:  And Mr. Sullivan?
9              MR. SULLIVAN:  Yes, Your Honor.
10             THE COURT:  All right.  Mr. Kerestes, I want
11 to make sure that you will be entering into this plea
12 voluntarily and nobody is forcing you.  Is that correct,
13 sir?
14             THE DEFENDANT:  Yes, Your Honor.
15             THE COURT:  Okay. All right.  Mr. Kerestes,
16 let's get to what I call the bottom line.  As to the charge
17 of travel to engage in illicit sexual conduct under 18,
18 U.S.C., Section 2423B, how do you plead?
19             THE DEFENDANT:  I plead guilty, Your Honor.
20             THE COURT:  The Court finds the defendant has
21 knowingly, voluntarily and intelligently entered his plea
22 with a full understanding of his constitutional rights, a
23 full understanding of all the factors that we've discussed.
24 The Court finds a substantial factual basis to support the
25 charge, and therefore I will accept his plea of guilty.

```
 1              Mr. Warner, I think the only thing remaining
 2   is to give him a sentencing date at this point.
 3              MR. WARNER:  I agree, Your Honor.
 4              THE COURT:  Mr. Kerestes, we will set your
 5   sentencing for May 20th, 2008 at 11:00 a.m.  Mr. Warner,
 6   does that work for you?
 7              MR. WARNER:  It does, Your Honor.
 8              THE COURT:  Mr. Sullivan, for you?
 9              MR. SULLIVAN:  Yes, Judge.
10              THE COURT:  Thank you.  Mr. Warner, anything
11   further on behalf of Mr. Kerestes?
12              MR. WARNER:  No.  Thank you, Your Honor.
13              THE COURT:  Mr. Sullivan, on behalf of the
14   government?
15              MR. SULLIVAN:  Nothing, Judge.
16              THE COURT:  Thanks everyone, we're adjourned.
17              (Hearing concluded at 2:20 p.m.)
18
19                  C E R T I F I C A T E
20
21              I certify that the foregoing is a correct
22   transcript from the record of proceedings in the
23   above-entitled matter.
24
25              S/Bruce A. Matthews      September 4, 2008
                Bruce A. Matthews, RDR-CRR        Date

                BRUCE A. MATTHEWS, RDR-CRR    (216) 357-7207
```